612 So.2d 657 (1993)
Elaine NICHOLS and Duane Nichols, Appellants,
v.
Anthony MARTELL, Aurelio Martell, and State Farm Mutual Automobile Insurance Company, Appellees.
No. 92-582.
District Court of Appeal of Florida, Third District.
January 19, 1993.
*658 Michael Seth Cohen; Harold Stark-weather; Elizabeth K. Russo and Robert S. Glazier, for appellants.
Michael Nuzzo; Kubicki, Draper, Gallagher & McGrane and Gail Leverett, for appellees.
Before HUBBART and GERSTEN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Elaine and Duane Nichols from a final order enforcing an alleged settlement agreement in a negligence action arising out of an automobile accident. We reverse in part.
First, we conclude that the March 12, 1991 letter sent by plaintiffs' counsel to defense counsel in this case was not, as plaintiffs urge, an invitation to make an offer to settle the instant lawsuit  but was, in fact, an offer to settle the lawsuit for the $10,000 liability policy limits of the defendants' insurance policy, else the plaintiffs would seek a "bad faith" action against the defendant insurer for failure to settle within the policy limits. Moreover, the March 19, 1991 letter of defendants' counsel to plaintiffs' counsel clearly accepts this offer by tendering the $10,000 policy limits to settle the case and enclosing the usual settlement documents to finalize the settlement; this letter was not, as urged, a counteroffer in any sense. Stated differently, there was an ostensible settlement agreement entered into by the parties in this case. See Robbie v. City of Miami, 469 So.2d 1384 (Fla. 1985); Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So.2d 404 (Fla. 1974); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981).
Second, we conclude that the sworn claim of plaintiffs' counsel on rehearing that he had no authority from the plaintiffs to settle the instant lawsuit [without the consent of the plaintiffs' uninsured motorist carrier]  required the trial court to conduct an evidentiary hearing thereon as requested by the plaintiffs' counsel on rehearing. Indeed, defense counsel on appeal has candidly and commendably agreed that such an evidentiary hearing should have been held under these circumstances. See Holl v. Talcott, 191 So.2d 40, 46-47 (Fla. 1966); Wiskeman v. First Bank of Hollywood Beach, 405 So.2d 1044 (Fla. 3d DCA 1981); Berrol v. Concord Fla., Inc., 305 So.2d 310 (Fla. 3d DCA 1974).
*659 The final order under review is reversed and the cause is remanded to the trial court with directions to conduct an evidentiary hearing on whether the plaintiffs' counsel had the authority from the plaintiffs to make the above-stated offer to settle the instant lawsuit. If plaintiffs' counsel had the required authority from his clients to make the offer to settle the instant lawsuit, the settlement agreement should be enforced; if not, the settlement agreement should be set aside.
Reversed and remanded.