613 So.2d 103 (1993)
Rebecca BOYKO, Appellant,
v.
Michael A. ILARDI, and Service Control Corporation, Appellees.
No. 92-1457.
District Court of Appeal of Florida, Third District.
January 26, 1993.
*104 Murray Sams, Jr., Watson, Clark & Purdy, Ft. Lauderdale, and Mark Purdy, for appellant.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane and Paul H. Field, Miami, for appellees.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
The plaintiff Rebecca Boyko appeals from a final order compelling her to execute settlement documents in a negligence action arising from an automobile accident. We affirm based on a holding that (1) counsel for the respective parties entered into a binding oral settlement agreement which was expressly agreed to by both parties, including the plaintiff, see, e.g., Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Dixie Operating Co. v. Exxon Co., U.S.A., 493 So.2d 61 (Fla. 1st DCA 1986); Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977); Cross-Aero Corp. v. Cross-Aero Serv. Corp., 326 So.2d 249 (Fla. 3d DCA 1976); (2) said settlement agreement was not barred by the statute of frauds [§ 725.01, Fla. Stat. (1991)], because performance could be completed within one year; and (3) the execution of the settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality which both parties to the settlement agreement were obliged to perform. We have not overlooked the plaintiff's arguments to the contrary, but are not persuaded thereby.
Affirmed.