COSTELLO, DEDEE S., Associate Judge.
Hallenbeek appeals from a judgment that awarded damages allegedly incurred prior to both parties entering into a settlement agreement. We affirm in part and reverse in part.
Hallenbeek, as one of several buyers, purchased a feed and pet supply business from Rangeline Supply and formed Rangeline Feed. When the payments were not made on the promissory note, Rangeline Supply sued to foreclose and Hallenbeek counterclaimed for fraud. After mediation, the parties settled all their differences. The settlement agreement provided that Rangeline Supply pay to Hallenbeek $900,000 and resume running the business. The agreement also provided that all litigation cease and that the prevailing party receive an award of attorney’s fees and costs in any litigation involving the agreement. Unfortunately, litigation did not end. Rangeline Supply resumed running the business, moved to enforce the settlement agreement, and complied with the settlement’s terms by paying monies into the court’s registry.
At first, Hallenbeek claimed that the settlement agreement was invalid, but ultimately filed a motion for enforcement. After a hearing, the trial judge found that the agreement was valid. It awarded Rangeline Supply attorney’s fees for the enforcement of the settlement agreement. It also awarded Rangeline Supply its attorney’s fees for defending against other litigation brought by Hallenbeek and filed subsequent to and in contravention of the settlement agreement. Finally, it awarded Rangeline Supply damages that it had allegedly incurred prior to the settlement agreement.
We affirm the trial court’s determination that the settlement agreement was valid as well as the trial court’s finding that Hal-lenbeck had breached the settlement agreement by continuing litigation against Range-line Supply. We also affirm the trial court’s award of attorney’s fees and costs incurred by Rangeline Supply in enforcing the agreement and in defending against the subsequent litigation brought by Hallenbeek. However, we reverse the finding as to the pre-settlement agreement damages.
Settlement agreements are governed by contract rules and are highly favored. See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985). Although Rangeline Supply claimed that there were misrepresentations made by Hallenbeek, it never claimed that the misrepresentations caused them to be fraudulently induced into settling the case. Moreover, the trial court made no findings of fraud. Since the agreement was valid and unambiguous, the trial court erred in considering other evidence as to how the parties arrived at the agreed-to amount. See Fecteau v. Southeast Bank, 585 So.2d 1005, 1007 (Fla. 4th DCA 1991). All *878 preliminary discussions are merged into the settlement agreement and the court cannot look behind it or beyond it to determine damages since it found the agreement itself enforceable and valid.
Since we have reversed in part the damages to be set off against the amount owed to Hallenbeek and since the settlement agreement provides that the prevailing party is entitled to attorney’s fees, we must find that Hallenbeek has prevailed on appeal and is entitled to his reasonable appellate attorney’s fees.
We therefore remand for the trial court to determine the appropriate amount of attorney’s fees on appeal and for the entry of a judgment consistent with these findings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL and STEVENSON, JJ., concur.