PARIENTE, Judge.
Appellant, Sylvia Ashley (plaintiff), appeals an order dismissing her lawsuit against appellee, Marnie Gersten (defen *463 dant). We reverse because the trial court improperly dismissed the lawsuit with prejudice as a method of enforcing a settlement after plaintiff failed to execute settlement documents.
By letter, plaintiff offered to settle her claims against defendant for defendant’s insurance policy limits. Defendant’s insurance company, through its attorney, accepted the offer and agreed to tender the $10,000 policy limits. In addition to the tender of the policy limits, the acceptance letter stated:
[Pjlease find enclosed a Hold Harmless Affidavit, General Release and Stipulation for Partial Dismissal and proposed Order.
I would ask that you have the documents properly executed and returned to me. The draft has been ordered.
The record does not reveal any response from plaintiff.
After several weeks elapsed and plaintiff failed to execute and return the settlement documents, defendant filed a motion to enforce settlement. The trial court’s order on the motion required plaintiff to execute the settlement documents within twenty days, after which defendant would be required to pay the settlement proceeds to plaintiff.[1] The order further provided that “[sjhould [pjlaintiff fail to execute the settlement documents within said period of time, [pjlaintiffs claim against [djefendant Gersten shall be dismissed with prejudice.”
Plaintiff failed to execute the settlement documents as ordered and the trial court subsequently dismissed her complaint against defendant with prejudice. As a result, defendant was relieved of all legal liability to plaintiff without having to pay the agreed-upon consideration of $10,000.
Settlement agreements are highly favored in Florida and will be enforced whenever possible. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Hallenbeck v. Rangeline Supply Corp., 697 So.2d 876 (Fla. 4th DCA 1997). However, by dismissing the lawsuit with prejudice before defendant paid its policy limits, the trial court did not enforce the settlement, but rather sanctioned plaintiff for her noncompliance with the court’s order.
Assuming arguendo that the trial court had the authority to sanction plaintiff by dismissing her lawsuit with prejudice for her non-compliance with its order to execute the settlement documents, the trial court failed to make requisite findings of willfulness. See Commonwealth Federal Sav. & Loan v. Tubero, 569 So.2d 1271 (Fla.1990); Cummings v. Warren Henry Motors, Inc., 648 So.2d 1230, 1232 (Fla. 4th DCA 1995). Moreover, we question whether the circumstances here would warrant imposing the ultimate sanction of dismissal, when other less draconian remedies were available to the trial court as a means of enforcing the settlement. See Paranzino v. Barnett Bank of South Florida, 690 So.2d 725 (Fla. 4th DCA), cause dismissed, 695 So.2d 700 (Fla.1997); Wheeler v. Hajianpour, 688 So.2d 423 (Fla. 4th DCA 1997). The sanction of dismissal should be commensurate with the offense. See Paranzino, 690 So.2d at 729; Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993).
The question remains what appropriate but less drastic options are available to the trial court. One viable option would be to require defendant to pay the settlement proceeds into the registry of the court until plaintiff signs the settlement documents.
In considering appropriate alternative means for enforcement of the settlement in these circumstances, we also turn to Florida Rule of Civil Procedure 1.570 for guidance, even though on its face this rule is directed to the enforcement of final judgments. Rule *464 1.570(e)(3) provides that if the judgment is for the “performance of a specific act or contract” the trial court “may appoint some person ... to perform the act.” In that the settlement agreement is an enforceable contract, an available option may be to appoint an individual to execute the settlement documents on behalf of plaintiff.
By this opinion, we do not rule out the possibility of holding plaintiff in contempt for her failure to comply with the court order. See Fla. R. Civ. P. 1.570(c)(2). If the trial court considers contempt, however, appropriate protections must be employed as required by applicable rules and governing case law.
REVERSED AND REMANDED.
STEVENSON, J., and MARRA, KENNETH A., Associate Judge, concur.

. Although plaintiff now argues that the settlement agreement did not include a requirement that the settlement documents be executed as a condition of the settlement, plaintiff has not provided an adequate record to demonstrate that she raised this issue to the trial court below. See Dominguez v. Wolfe, 524 So.2d 1101, 1102 (Fla. 3d DCA 1988). For purposes of this appeal, we must therefore assume that the settlement included the requirement that plaintiff sign the release and hold harmless agreement. Section 627.4265, Florida Statutes (1995), allows an insurer to condition tender of payment on the execution of a mutually agreeable release. Cf. Boyko v. Ilardi, 613 So.2d 103 (Fla. 3d DCA 1993) (execution of settlement documents not a condition precedent to the settlement agreement but rather a procedural formality which both parties to the settlement agreement were obliged to perform).