W. SHARP, Judge.
Bartel appeals from an order rendered on November 4,1996. The order denied various motions, including her motion for relief from an order granting the defendants’ motion to enforce a mediation settlement agreement by compelling her to execute settlement documents. She contends that her attorney who represented her in the mediation proceeding (Roshko) was guilty of misconduct and misrepresented facts to the trial court, thus committing “fraud on the court.” We affirm.
This cause has been considered by this court before. On September 19,1994, Bartel was involved in an automobile accident. She sued J & A Balboa Enterprises, Inc., the owner of the other vehicle, and Ray Harrison, its driver. On October 30, 1995, the parties entered into court-ordered mediation and arrived at a settlement of $30,000.00. A few days later, Bartel apparently changed her mind. The defendants moved to enforce the agreement.
On December 6, 1995, the court granted the defendants’ motion to enforce the agreement and Bartel was ordered to execute all necessary documents. She then filed an appeal (Case No. 96-41). This court elected to treat the appeal as a petition for certiorari and denied it. In that appeal, Bartel argued her acceptance of the offer was the result of misconduct on the part of her attorney and the mediator. However, no transcript of the hearing was provided, and this court concluded there was no basis for relief.
On October 4, 1996, the trial judge held a hearing on the defendant’ motion to compel execution of the settlement documents and various other motions. It granted the defendants’ motion and denied Bartel’s motions. This pro se appeal followed. There is precedent for treating this order as final and appealable, and we elect to do so. See Boyko v. Ilardi, 613 So.2d 103 (Fla. 3d DCA 1993).
In this appeal, Bartel again claims her attorney was guilty of misconduct, and that he made false statements to the trial court and committed a “fraud on the court.” These issues were raised in Bartel’s motions below and the trial court ruled against her. They are factual matters and since Bartel has not provided this court with a transcript or a proper substitute for a transcript, her appeal must fail, because she cannot establish error. See Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994) (failure to provide appellate court with either transcript or proper substitute for a transcript is generally fatal because, in the absence of a transcript, the appellate court is unable to evaluate allegations that error exists in the trial court’s findings but instead must presume such findings are correct); All American Soup & Salad, Inc. v. Colonial Promenade, 652 So.2d 911 (Fla. 5th DCA 1995) (appellant was not able to establish reversible error where he failed to bring a complete transcript of the non-jury trial proceedings to this court for review); Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983) (findings and judgment of the trial court come to the appellate court clothed with a presumption of correctness and may not be disturbed in the absence of a record demonstrating error).
AFFIRMED.
GRIFFIN, C. J., and DAUKSCH, J., concur.