729 So.2d 529 (1999)
John ERHARDT, Appellant,
v.
Gary Richard DUFF, Marilyn Provost, Adrienne Provost, and Security National Insurance Company, Appellees.
No. 98-2074.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., and Peter E. Itzler of Law Offices of Peter E. Itzler, Fort Lauderdale, for appellant.
Richard A. Sherman, Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Mary Anne Philips of Mary Anne Philips, P.A., Fort Lauderdale, and Frank J. Allocca of Allocca & Felder, Miami, for appellees Marilyn Provost, Adrienne Provost, and Security National Insurance Company.
POLEN, J.
John Erhardt timely appeals from an order granting a motion to enforce settlement/motion for summary judgment filed by appellees, Marilyn and Adrienne Provost (Provost) and Security National Insurance Company (Security National), in Erhardt's personal injury action against Provost, Security National, and Gary Richard Duff. He argues that because appellees conditioned their acceptance of his offer to settle on his execution of a release, no valid settlement agreement was reached between the parties. We disagree and affirm.

Facts
In December, 1993, Erhardt, while sitting in the passenger's side of Provost's vehicle, was injured in a two-car accident involving Duff. On July 6, 1994, he wrote to Security National, Provost's insurer, demanding the $20,000 policy limits to settle his claim. His letter read, in pertinent part,
I will hold this offer to settle within policy limits open for a period of thirty (30) days. If you fail to tender your policy limits within this time, I will withdraw this demand and offer to settle within your insured's policy limits and will file suit to protect my client's legal right in this regard.
*530 On July 28, 1994, Security National responded with the following written letter, presented in pertinent part:
Security National Insurance Company will tender their Bodily Injury Liability policy limits of $10,000 and their Underinsured Motorist policy limits of $10,000. Upon receipt of your acceptance, we are prepared to forward our settlement drafts and Releases.
Erhardt did not respond to the letter and, instead, filed suit against Duff, Provost, and Security National. In their respective answers, Provost and Security raised the affirmative defense of settlement.
In February, 1998, Provost and Security filed a motion to enforce settlement and/or motion for summary judgment. The motion alleged that Erhardt's July 6, 1994 letter and Security National's July 28, 1994 letter formed an agreement to settle Erhardt's claim against Provost and Security National. At the subsequent hearing on the motion, Erhardt argued that the July 28, 1994 letter was a counteroffer, not an acceptance, because it conditioned acceptance on Erhardt's execution of a release.
The court rejected Erhardt's argument, concluding that "[t]hat's not how the real world works...." Finding the July 28 letter sufficient to form a binding settlement agreement, the court granted the motion. This appeal followed.

Merits
Because it is undisputed that Erhardt's July 6 letter constituted an offer to settle his bodily injury claim against Provost, the only issue before this court is whether Security National's July 28 letter constituted an acceptance of that offer. See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985)(holding a valid settlement depends upon an offer and acceptance). In this respect, we hold that the July 28 letter constituted an acceptance, and not counteroffer, under an objective test. See id. His letter demanded only the policy limits within a certain time frame, both requirements of which Security National agreed to meet in its July 28 letter. Because Security National agreed to tender the policy limits to Erhardt, we hold the execution of the release was implicit as part of the tender, and not an additional element of the agreement. See Boyko v. Ilardi, 613 So.2d 103, 104 (Fla. 3d DCA 1993)(holding the execution of settlement documents a mere procedural formality). Simply put, it would have made no sense for Security National to tender its policy limits if there remained a possibility that it could still be liable for further claims by Erhardt arising from the same incident. Accordingly, we affirm.
AFFIRMED.
GUNTHER and FARMER, JJ., concur.