THOMPSON, J.
Olga M. Steele appeals an order enforcing a settlement agreement on the motion of Nitin J. Parikh, M.D. and Mid-Florida Gastroenterology Group (“Parikh”). Steele argues on appeal that the trial court abused its discretion because Parikh did not prove there was a meeting of the minds between the parties. We affirm.
Steele was the personal representative of the estate of her husband, Clifford Steele, and she sued Parikh for medical malpractice. At the hearing on the motion to enforce the settlement agreement, Steele’s attorney stipulated to the facts alleged by Parikh. Steele’s attorney conveyed to Steele an offer from Parikh to settle the case for $999.00 toward Steele’s attorney’s costs. Steele’s attorney stipulated that Steele accepted, that he conveyed the acceptance to Parikh’s attorney and that, having spoken to her daughter, Steele revoked her acceptance. Steele’s attorney informed Parikh’s attorney of the revocation, and Parikh moved for enforcement of the agreement.
Steele argues on appeal that there was no agreement with Parikh. She contends that she was confused during the conversation with her attorney. She recalls that her attorney said that he was being offered $1,000 for his costs, but does not recall the word settlement ever coming up in the conversation. Citing Long Term Management, Inc. v. University Nursing Care Center, Inc., 704 So.2d 669 (Fla. 1st DCA 1997), she argues that because of the confusion, there was no meeting of the minds concerning settlement with Parikh.
The record does not support Steele’s recollection of her conversation with the attorney. During the hearing, Steele’s at *604 torney stipulated that there was an agreement. He stated:
I will be happy to present whatever evidence you want. I think if- it’s — if we — I agreed to — except for the legal arguments, I agree with the factual presentation [defense counsel] presented, and both — all three of us are willing to— are available to testify depending on what Your Honor would prefer.
We are constrained to note that the record clearly shows that Steele orally accepted the settlement and is thus bound. The trial court did not abuse its discretion in denying the motion. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Maher v. Best Western Inn, 667 So.2d 1024 (Fla. 5th DCA), rev. dismissed, 676 So.2d 1368 (Fla.1996); Hartley v. Hartley, 134 So.2d 281 (Fla. 2d DCA 1961).
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.