PER CURIAM.
State Farm Mutual Automobile Insurance Company (“State Farm”) appeals a final summary judgment in favor of Inter-American Car Rental, Inc. (“InterAmeri-can”), on its claim for indemnification and for the attorney’s fees and costs incurred in defending a wrongful death lawsuit. In-terAmerican cross appeals the post judgment interest award. We reverse the final summary judgment.
*501 Appellant State Farm Fire and Casualty Company (“State Farm”) insured Marsha Pabon (“Pabon”) who rented a van from appellee InterAmerican Rental, Inc. (“In-teramerican”). The van was being driven by another person, when it was involved in an accident resulting in the death of Ja-maul McCloud. McCloud’s estate (“Estate”) filed a wrongful death suit against InterAmerican in 1992. InterAmerican then filed a third party complaint against Pabon for indemnification. State Farm refused to defend InterAmerican in the wrongful death action, but did retain an attorney to defend Pabon in the indemnity action.
According to State Farm, its attorney, on behalf of Pabon, reached a settlement with the Estate for the $10,000 insurance policy limit in October of 1992. Because the Estate had an ongoing claim against InterAmerican, it was agreed the settlement would be concluded after resolution of the Estates’s case against InterAmeri-can. According to InterAmerican, the Estate never intended to sue Pabon and no settlement agreement was ever made until June of 1995.
In May of 1995, a jury verdict was entered in favor of the Estate for $1.6 million in the wrongful death action against Inter-American. The Estate then contacted counsel for Pabon and requested a settlement check. State Farm, on behalf of Pabon, paid the Estate $10,000 in June of 1995. In 1997, InterAmerican prevailed in its indemnity claim against Pabon.
InterAmerican filed the instant lawsuit against State Farm in June of 1995. It sought indemnification and recovery of litigation expenses it incurred in defending the wrongful death action. Summary judgment was granted in favor of Inter-American on the basis that a renter’s insurance carrier had a duty to provide a defense for the lessor. Thereafter, this court reversed the summary judgment finding that “section 627.7263, Florida Statutes does not encompass a duty on the party of the renter’s insurer (here, State Farm) to defend the car rental agency (here, InterAmerican) in a lawsuit involving the rented vehicle.” See State Farm Mut. Ins. Co. v. InterAmerican Car Rental, Inc., 707 So.2d 788, 789 (Fla. 3d DCA 1998).
After remand, InterAmerican amended its complaint, adding a claim for indemnification as a third-party beneficiary under Section 627.4136, Florida Statutes. The trial court entered final judgment in favor of InterAmerican on the Count II indemnification claim finding there was no settlement agreement between State Farm and the Estate. Thus the court found State Farm failed to tender its policy limits to InterAmerican, and owed interest on the full amount of the $1.6 million judgment obtained by InterAmerican in its indemnity action against Pabon. Judgment including prejudgment interest was entered in the amount of $515,937.95. InterAmerican was also awarded prevailing party costs. State Farm appeals the final judgment and costs order. InterAmerican cross appeals the post judgment interest award which was calculated on the $515,937.95 judgment amount.
The dispositive issue in this case is whether State Farm exhausted its policy limits by making payments to the parties injured in the automobile accident prior to InterAmerican obtaining a judgment against State Farm’s insured for indemnification. The answer to that question hinges upon the determination as to whether State Farm and the Estate entered into a valid settlement agreement in 1992. We find that they did.
Settlement agreements are highly favored and the policy of this Court is to *502 enforce such agreements whenever possible. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); KCG, Inc. v. Rosen, 730 So.2d 807 (Fla. 3d DCA 1999). Where the parties have agreed to the essential terms of a settlement, it will be enforced. See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 302 So.2d 404 (Fla.1974); Patrick v. Christian Radio, 745 So.2d 578 (Fla. 5th DCA 1999).
Here, the evidence is undisputed that the Estate agreed to accept the policy-limits in June of 1992. Regardless of the fact that the parties subsequently agreed payment would be made after the main case against InterAmerican was resolved, the key point is that the essential term of payment was agreed to by the parties. When the case against InterAmerican was resolved in 1995, payment was promptly made by State Farm upon demand by the Estate and pursuant to the previously resolved settlement terms.
A settlement agreement does not have to be in writing, and does not have to definitely fix all details of the parties’ understanding in order to be enforceable. See Steele v. Parikh, 735 So.2d 603 (Fla. 5th DCA 1999); De Cespedes v. Bolanos, 711 So.2d 216 (Fla. 3d DCA 1998); Boyko v. Ilardi 613 So.2d 103 (Fla. 3d DCA 1993). Moreover, there is no requirement that settlement monies actually be transferred in order to find a particular settlement agreement is binding and enforceable. See Patrick v. Christian Radio, 745 So.2d at 578; Smiley v. Greyhound Lines, Inc., 704 So.2d 204 (Fla. 5th DCA 1998).
We find the parties agreed on the essential terms of the settlement agreement and thus a valid and enforceable agreement did exist between the Estate and State Farm. See Patrick v. Christian Radio, 745 So.2d at 578; De Cespedes v. Bolanos, 711 So.2d at 216; Boyko v. Ilardi, 613 So.2d at 103. Accordingly, State Farm exhausted its policy limits and owes no further indemnity obligation.
Therefore, we reverse the final judgment and remand the case for judgment to be entered in favor of State Farm. Our disposition on this issue renders the remaining issues moot, and requires that the order awarding prevailing party costs to InterAmerican also be reversed.
Reversed and remanded.