HARRIS, J.
John York was fatally injured when his automobile collided with one being driven by Falasca and owned by Michelle Trefry. The Trefry vehicle was insured by GEICO in the amount of $10,000 and listed Falasca on the insurance policy as a “named driver.”
.GEICO offered to settle the York estate’s claim against Trefry’s policy for the face amount. While it is true that the letter offering the settlement listed only the name of the insured, Trefry, there is no indication that GEICO would not require a release of both Trefry and Falasca. The York estate agreed to the settlement but delivered a release approved by the probate court which, by its terms, released only Michelle Trefry. GEICO refused to settle on the basis of the proffered release.
The York estate then filed a wrongful death action against Falasca while insisting that GEICO had settled the claim against Trefry. When GEICO attempted to take the deposition of the York personal representatives in the wrongful death action to establish their understanding of the settlement negotiations, their attorneys instructed them to refuse to answer based on the lawyer/client privilege. The trial judge permitted the discovery, perhaps aware of the common sense analysis of the court in Erhardt v. Duff, 729 So.2d 529, 530 (Fla. 4th DCA 1999) (“Simply put, it would have made no sense for Security National to tender its policy limits if there remained a possibility that it would still be liable for further claims by Erhardt arising from the same incident.”). The York estate seeks certiorari.
We deny certiorari for two reasons. First, it appears that questions can be framed which determine the understanding and intent of the personal representatives regarding the settlement without asking them about their conversations with their attorneys. Second, and even more important, even a unilateral mistake is sufficient to set aside a contract in the absence of fraud and “where the mistaken party offers to put the other party in status quo.” Maryland Cas. Co. v. Krasnek, 174 So.2d 541, 542 (Fla.1965).
Here, the insurance company, in effect, has told the York estate that there is a $10,000 policy which covers this accident. If the York estate wishes to proceed against either or both Trefry or Falasca, that sum will await the verdict. If the York estate wants the policy limits without going to trial, a release of both Trefry and Falasca is the price.
CERTIORARI DENIED.
COBB and ORFINGER, R.B., JJ., concur.

*666
ON MOTION FOR CLARIFICATION

HARRIS, J.
It appears that we overlooked an order in the file indicating that the parties had resolved an independent action to enforce settlement by petitioner herein against GEICO by dismissing their Petition to Enforce Settlement in exchange for GEICO, the liability carrier insuring the vehicle involved in this wrongful death action, paying the face amount of its policy. In settling the matter, petitioners released Ms. Trefry from further liability but reserved the right to proceed against Mr. Falasca. The settlement of the independent action reserved the issue in this wrongful death action of whether the settlement of Tre-fry’s action was intended by the parties to also settle the matter against Falasca. We recognize this as a continuing issue not resolved by our previous opinion. Nothing in our previous opinion should be construed to prevent an action against Mr. Falasca for a judgment in excess of the insurance policy.
OPINION CLARIFIED.
COBB and ORFINGER, R.B., JJ„ concur.