PER CURIAM.
Appellant contends that the trial court (1) erred in summarily granting ap-pellees’ motion to enforce a settlement agreement and ordering appellant to sign a general release and (2) abused its discretion in dismissing appellant’s complaint with prejudice upon finding that appellant failed to sign a general release within ten days of the order granting the motion to enforce settlement. We agree. Because there was a material dispute regarding whether appellant’s attorney had authority to enter into the settlement agreement, the trial court should have conducted an evidentiary hearing after affording appellant the opportunity to seek conflict-free counsel to represent him. See Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir.1994). Accord Healey v. Healey, 658 So.2d 1096, 1098 (Fla. 1st DCA 1995). Furthermore, the trial court abused its discretion in dismissing appellant’s complaint with prejudice based on appellant’s failure to execute settlement documents without expressly finding that appellant’s non-compliance was willful or that less drastic remedies were not available as a means of enforcing the settlement agreement. See Ashley v. Gersten, 700 So.2d 462, 463 (Fla. 4th DCA 1997); Kelley v. Schmidt, 613 So.2d 918, 919-20 (Fla. 5th DCA 1993). Accordingly, we reverse the trial court’s rulings and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
WOLF, WEBSTER, and BROWNING, JJ., concur.