PADOVANO, J.
Roger Gonzalez, the defendant in an automobile negligence case, appeals a final judgment entered on a jury verdict in favor of the plaintiff, Dawn Claywell. The defendant contends that the trial court should have granted his motion for summary judgment on the defense of accord and satisfaction, because the parties had entered into a binding settlement agreement. We conclude that the defendant’s motion was properly denied and we therefore affirm the judgment. The pertinent documents in the record reveal that the plaintiff did not agree to the terms of the release proposed by the defendant’s insurer. Hence, we conclude that the parties were not bound by an agreement and that the trial judge correctly rejected the defense of accord and satisfaction.
The defendant’s claim that a settlement agreement existed is based on a series of letters between the plaintiffs lawyer and the defendant’s insurer, GEICO. On September 29, 2005, the plaintiffs lawyer sent *1261 a letter to GEICO offering to settle the case for $26,336.16, an amount representing the policy limit for bodily injury, $25,000.00, and additional compensation for property damage. The lawyer informed GEICO that the plaintiff would be willing to sign a release form that “releases only [the defendant] Gonzalez and the co-owners of the vehicle he was driving and does not include any indemnification language.” The letter stated that the offer would be open until October 31, 2005, and that it could be accepted only by complete performance.
GEICO responded on October 27, 2005, by sending the plaintiff’s lawyer a check in the amount of $26,336.16. However, the release form included with the check required the plaintiff to release GEICO, as well as the defendant Gonzalez. The letter the adjuster sent with the check and release form states, “Prior to negotiating the check, please have your client sign the enclosed release and return this release to GEICO as soon as possible.” The letter goes on to say, “If you feel that there is any aspect of the enclosed document, which does not reflect our settlement of your claim(s), please contact me immediately so that we can see that the document is revised to reflect the exact terms of our agreement.”
The plaintiffs lawyer wrote back on November 1, 2005, informing the insurance adjuster that the plaintiff would not sign the release, because it “deviates from the terms of [her] offer.” He returned the check that GEICO had tendered along with the proposed release and informed the adjuster that he intended to file suit against the defendant.
After the suit had been filed, the adjuster wrote to the plaintiffs lawyer and asked him to review the case again. In this letter, dated November 16, 2005, the adjuster explained that it was an error on his part to include GEICO on the release form. He said that he meant to delete GEICO from the release form as the plaintiffs lawyer had requested. He included with the letter a new check for $26,336.16 and a new release form releasing only the defendant Gonzalez. The plaintiffs lawyer wrote the adjuster back on November 22, 2005 and informed him that the plaintiff rejected the offer.
Based on these documents, the trial court denied the motion for summary judgment. The court reasoned that the condition that GEICO be released from liability was not contemplated by plaintiffs offer. Thus the trial court concluded that GEICO’s letter of October 27, 2005, was not an acceptance of the plaintiffs offer, but rather that it was in the nature of a counteroffer.
The case proceeded to trial and the jury returned a verdict finding that the defendant had operated his vehicle negligently and that his negligence was the cause of the loss sustained by plaintiff. The verdict was reduced to a judgment against the defendant in the amount of $394,029.71, and he filed a timely appeal to this court to seek review of the judgment.
Here, as in the trial court, the defendant argues that the parties had entered into an enforceable settlement agreement. He points out that it would have been customary to release the insurance carrier in a case like this and that the plaintiff had no good reason to insist that GEICO be excluded from the release. These observations may be accurate, but neither of them would support a conclusion that the parties made an enforceable contract. It is not the prerogative of this court to question the reasons a party has given for refusing to sign a contract. Nor is it proper for the court to rewrite a contract by including terms that one of the parties expressly rejected.
*1262 The plaintiffs offer was specific. She agreed to release “only [the driver] and the co-owner(s) of the vehicle he was driving” and she made it clear that this was a “unilateral offer” that could be accepted only by “complete performance.” GEICO tendered a check for the agreed amount but sent along a proposed release form releasing itself, as well as the driver and owner of the vehicle. The plaintiff returned the check and the unsigned release form to GEICO, explaining that the proposed release deviated from the terms of her offer.
The only logical conclusion to be drawn from this sequence of events is that the parties did not enter into a settlement agreement. As the trial judge stated, GEICO’s proposal to add itself to the release was a counteroffer, not an acceptance of the original offer. Because the plaintiff immediately rejected the counteroffer by sending the check back and declining to sign the proposed release, there was no agreement. See Mercury Ins. Co. of Fla. v. Fonseca, 3 So.3d 415, 417 n. 2 (Fla. 3d DCA 2009) (an insured’s immediate rejection of the insurer’s release provides evidence that a contract was not formed). The question here is not whether the plaintiff should have accepted the check. All we need to know to conclude that there was no contract is that she did not.
It is true that a document releasing an insurer is ordinarily included as a part of a settlement agreement, but the precedents the defendant cites for this general proposition are distinguishable from the present case. The cases he refers to all involve situations in which the courts supplied essential terms that were implied but not mentioned in the original offer. See, e.g., Mercury Ins. Co., 3 So.3d at 417; Erhardt v. Duff, 729 So.2d 529, 529 (Fla. 4th DCA 1999); Nichols v. Martell, 612 So.2d 657, 658 (Fla. 3d DCA 1993). In contrast, the contract term at issue here, whether GEI-CO would be released from liability, cannot be added to the contract by implication because it was expressly rejected by the language of the offer itself.
The trial court’s order denying the defendant’s motion for summary judgment is also supported by our decision in Nichols v. Hartford Ins. Co. of the Midwest, 834 So.2d 217 (Fla. 1st DCA 2002). There we concluded that disputed indemnification language in a release was an essential term of the settlement agreement. We explained that if “the language of a release is disputed and the parties fail to reach an agreement as to the character, nature, or type of release to be used, an essential element of the agreement is not established.” Id. at 220 (quoting Cheverie v. Geisser, 783 So.2d 1115, 1119 (Fla. 4th DCA 2001)). Here, as in Nichols, the parties failed to make a binding settlement agreement because they did not agree on the language of the release.
For these reasons, we conclude that the parties did not reach a settlement agreement and that the trial court correctly denied the defendant’s motion for summary judgment.
Affirmed.
WOLF, J., concurs with opinion; THOMAS, J., Dissents with opinion.