THOMAS, J.,
Dissenting.
I respectfully dissent. The majority opinion erroneously affirms the trial court’s ruling that a binding settlement was rendered invalid on the sole basis that the insurer inserted a meaningless term into the agreement that could have had no legal consequence under the applicable Florida law, and no practical effect on the parties. The majority opinion will now allow Appellee to seek a bad faith judgment and damages in excess of the policy limits, despite the valid settlement agreement of the parties. Florida law strongly prefers settlements, and by holding otherwise here, the majority opinion incorrectly interprets the essential elements of the agreement. Because the inclusion of GEI-CO in the release could not in any legal manner affect the settlement, I would reverse.
Under section 627.4136, Florida Statutes, before a party can sue an insurer, the party must obtain a judgment against the insured party. Thus, whether GEICO included itself in the release had no meaningful consequence whatsoever; therefore, by definition, this term of the offer could not constitute an essential element of the settlement agreement.
Because Florida law requires that a party who enters a settlement agreement with another party cannot sue that party’s insurer, an insurance company tendering payment on behalf of its insured can include itself as a releasee as an inherent and usual term of the settlement agreement. Here, by agreeing to release Appellant, the insured party, Appellee had no further claim against GEICO, and by including itself in the release, GEICO did not alter an essential element of the settlement agreement. See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985) (holding that unilateral inclusion of additional term was “mere contingency” that did not alter settlement); Mercury Ins. Co., 3 So.3d 415, 417 (Fla. 3d DCA), rev. denied, 14 So.3d 1003 (Fla.2009) (holding that, when tendering policy limit with request for release, insurer did not make a counter-offer but, instead, accepted the offer to settle).
Courts must employ an objective test, not a subjective evaluation, when deciding whether parties have entered into a contracted settlement agreement. The essential terms here are quite simple: GEICO would pay the policy limits, and Appellee would release the insured. Whether Ap-pellee would hypothetically later attempt to file a meritless claim against GEICO is not an essential term of the agreement, but a “mere contingency” which did not defeat the settlement agreement. Robbie, 469 So.2d at 1385.
In accepting an offer, an insurance company can generally require the offeror to sign “usual” settlement documents. Grant v. Lyons, 17 So.3d 708, 710 (Fla. 4th DCA 2009) (citing Nichols v. Martell, 612 So.2d 657, 658 (Fla. 3d DCA 1993)). One such “usual” document implicit in any settlement is a release of the insurance company from liability or claims arising from the incident for which the company is tendering the full policy limits. Mercury Ins. Co., 3 So.3d at 417.
In Lyons, by contrast here, the insurer required the offeror to hold other potential defendants harmless and to demonstrate that all hospital liens had been satisfied; thus, the Fourth District correctly concluded that the insurer had proposed a counter-offer. In reaching its decision, however, the court cited Mercury Insurance Company to hold that “an insurance company that accepts an offer can require the plaintiff to sign the ‘usual settlement *1264 documents.’ ... As an example, ‘[a] document releasing an insurance company from liability for claims arising from the same incident for which the full policy limits were tendered, particularly where the injured party is permitted to modify such a release, is the kind of usual settlement document implicit in any settlement agreement.’ ” Id. at 711 (internal citations omitted).
GEICO’s inclusion of itself in the release did not transform the acceptance into a counter-offer. Appellee asserts that one reason it attempted to exclude GEICO from the release is that GEICO was potentially liable for a third vehicle’s claims, yet Appellee did not raise this below or offer any evidentiary support for this claim.
It would be irrational for an insurance company “to tender its policy limits if there remain[s] a possibility that it could still be liable for further claims ... arising from the same incident.” Erhardt v. Duff, 729 So.2d 529, 530 (Fla. 4th DCA 1999). In Erhardt, the trial court rejected the argument that an insurance company cannot require execution of a release, stating “ ‘that’s not how the real world works.’ ” Id. at 530.
The same logic applies with equal force here. I would find that GEICO’s inclusion of its company’s name on the release was nothing more than a mere formality. Id. (citing Boyko v. Ilardi, 613 So.2d 103, 104 (Fla. 3d DCA 1993)). Thus, the trial court erred in finding that Appellant and Appel-lee had not entered into an enforceable pre-suit settlement agreement. I would reverse with directions to grant the summary judgment motion filed by Appellants prior to trial on the basis of accord and satisfaction.