# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0132
Lower Tribunal No. 22-CA-118-P
_____


**Adonel Concrete Corp.,**
Appellant,

vs.

**Randy Furshman and Sindee Furshman,**
Appellees.


An Appeal from the Circuit Court for Monroe County, Luis Garcia, Judge.

Law Offices of Mara Shlackman, P.L., and Mara Shlackman (Fort Lauderdale); Law Office of Buckley Correa and Richard Allen Buckley (Weston), for appellant.

Philip D. Parrish, P.A., and Philip D. Parrish, for appellees.


Before LINDSEY, LOBREE and GOODEN, JJ.

GOODEN, J.

In this construction dispute, Appellant Adonel Concrete Corp. challenges the trial court's denial of its motion to enforce settlement and entry of the final summary judgment against it. Because we find that a settlement agreement exists, we reverse.

Appellees Randy and Sindee Furshman hired a general contractor to perform construction on their property in Key Largo. The general contractor then hired Adonel Concrete as a subcontractor. The Furshmans were not satisfied with Adonel Concrete's work and did not pay. In response, Adonel Concrete recorded a lien for $16,937.26.

In a series of telephone calls and emails spanning a two-week period, Adonel Concrete and the Furshmans negotiated. In the final email, Adonel Concrete confirmed a phone call in which the Furshmans agreed to pay $16,937.26, plus $4,500.00 for attorneys' fees. Adonel Concrete advised that it "will prepare and record the . . . lien release" and "prepare a mutual general release." At the end of this email, it requested: "If this email does not correctly outline our conversation, please immediately contact me by email explaining your understanding of those portions of our conversation discussed in this email."

The Furshmans did not object or contest the content of the email. Rather, they sent a check for that amount and wrote: "For Driveway Final Payment." The next day, they provided the tracking number and wrote:

> Please send me the proposed lien release, general release, and any other paperwork for my review. After I have time to review, I will let you know if they are agreeable, and if I have any edits, comments, or concerns.

Upon receipt, Adonel Concrete deposited the check. It then emailed the Furshmans a "draft proposed settlement agreement and mutual release" and requested them to "provide us any changes that need to be made." Mr. Furshman responded: "ok, thanks, will have to you tomorrow."

Adonel Concrete signed the mutual general release. But the Furshmans never did. Instead, the Furshmans claimed the lien was paid in full and they were no longer obligated to pay attorneys' fees. So, Adonel Concrete filed suit. And, the Furshmans counterclaimed.

The law of contracts governs settlements. Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985). "To form a binding contract there must be an offer and acceptance." Mercury Ins. Co. of Fla. v. Fonseca, 3 So. 3d 415, 417 (Fla. 3d DCA 2009). "[A]n acceptance must contain an assent—or meeting of the minds—to the essential terms contained in the offer." Nichols v. Hartford Ins. Co. of the Midwest, 834 So. 2d 217, 219 (Fla. 1st DCA 2002). "The making of a contract depends not on the agreement of two minds in

3

one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." Gendzier v. Bielecki, 97 So. 2d 604, 608 (Fla. 1957) (quoting Oliver Wendell Holmes, Jr., The Path of the Law, 10 Harv. L. Rev. 457, 464 (1897)). "There must therefore be an objective manifestation by both parties of assent to the same terms." Suarez Trucking FL Corp. v. Souders, 350 So. 3d 38, 42 (Fla. 2022).

We find that a valid and enforceable settlement exists between the parties because there was "an objective manifestation by both parties of assent to the same terms." Id. The parties "said the same thing" and agreed to all essential elements—which includes use of a mutual general release. Gendzier, 97 So. 2d at 608. The Furshmans objectively demonstrated their assent in several ways: not objecting to the settlement confirmation email, sending the check in the negotiated amount, and replying "ok, thanks, will have to you tomorrow" to the email with the proposed release. Randy Furshman's testimony on his subjective intent and state of mind does not overcome these objective, external signs. See 1 Williston on Contracts § 4:1 (4th ed.).

The Furshmans point to the unsigned mutual general release as proof that no settlement agreement was reached. They claim it shows a lack of

4

assent. But the fact that one was not executed or finalized does not prevent formation of a contract or destroy the agreement of the parties. See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So. 2d 404, 408 (Fla. 1974) ("Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them."). The release simply memorialized the parties' agreement. See Boyko v. Ilardi, 613 So. 2d 103, 104 (Fla. 3d DCA 1993) ("We affirm based on . . . execution of the settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality which both parties to the settlement agreement were obliged to perform."). See also Portner v. Koppel, 382 So. 3d 742, 748 (Fla. 4th DCA 2024); Erhardt v. Duff, 729 So. 2d 529, 530 (Fla. 4th DCA 1999); Dania Jai-Alai Palace, Inc. v. Sykes, 495 So. 2d 859, 861 (Fla. 4th DCA 1986). "[A]ll the details of a release do not need to be absolutely decided as long as the parties agree on the essential terms. . . ." Nichols, 834 So. 2d at 219. And, that was the case here.

Accordingly, we reverse the order denying Adonel Concrete's motion to enforce settlement and remand for further proceedings consistent with this opinion. Because we find that a valid settlement agreement exists, we also

5

reverse the final summary judgment for the Furshmans on Adonel Concrete's claim for lien foreclosure.

Reversed and remanded.