839 So.2d 767 (2003)
FEDERAL AUTO INSURANCE, INC., and Howard Vogel, Appellants,
v.
BUSINESS ACQUISITIONS BROKERAGE, INC., Appellee.
No. 4D01-4160.
District Court of Appeal of Florida, Fourth District.
February 5, 2003.
Rehearing Denied March 18, 2003.
Orrin R. Beilly of the Law Offices of Orrin R. Beilly, West Palm Beach, for appellants.
Jack J. Aiello and Rachel Sivilli of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellee.
FARMER, J.
We affirm on all issues on the main appeal relating to an award of attorney's fees by the court following an arbitration award in favor of the Broker. As to the cross appeal, we reverse.
Although the trial court awarded the successful Broker its attorney's fees for the arbitration itself and also for the proceedings in court resulting in a confirmation of the arbitration award, the court denied any additional fees to Broker for the proceedings in execution on the resulting money judgment against the losing parties in the arbitration. We conclude that Broker has established its right to such fees on two grounds.
The contractual attorney's fees provision is broad enough to encompass fees for execution on the judgment. The contract specifies that the prevailing party in the arbitration shall be entitled to "all reasonable attorney's fees and costs." [e.s.] This contractual language evidences a clear purpose to entitle the prevailing party to all  not merely some  of its fees. See Sholkoff v. Boca Raton Comty. Hosp., 693 *768 So.2d 1114, 1118 (Fla. 4th DCA 1997) (if an agreement for one party to pay another party's attorney's fees is to be enforced, it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable). If the losing party persists in requiring the expenditure of attorney's time even after the court has entered judgment on the arbitration award, there is no apparent reason to us why the broad scope of this fee provision should not be invoked here as well.
Even if the contractual language were somehow insufficient, Broker also established a statutory basis for fees. Section 57.115 states that:
"[t]he court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." § 57.115(1), Fla. Stat. (2000). We conclude that Broker timely asserted this statute.
We further find that the record supports the trial court's conclusion that appellants had reasonable notice of the Broker's claim for fees in spite of the failure to file a "pleading" formally seeking such fees. See Caufield v. Cantele, 27 Fla. L. Weekly S1046, 837 So.2d 371(Fla. 2002) (specific statutory or contractual basis of claim for attorney's fees need not be specifically pleaded; failure to plead basis for such claim will not result in waiver of claim); Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991) ("Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees."). Indeed, two months before the motion for fees was filed, appellants agreed to an order specifying Broker's entitlement to costs for execution which expressly reserved jurisdiction to resolve the issue of attorney's fees incurred in execution of the judgment, and stated that the order in no way limited Broker's right to seek such fees.
Accordingly, we reverse for the trial court to award reasonable fees incurred in effectuating execution on the judgment, as well as reasonable fees incurred by Broker on this appeal.
STEVENSON and HAZOURI, JJ., concur.