PER CURIAM.
 

 Roger J. Gonzalez, the defendant in this negligence action, appeals an order awarding attorneys’ fees to Dawn Elizabeth Claywell, appellee, pursuant to section 768.79, Florida Statutes (2008), and Florida Rule of Civil Procedure 1.442. The proposal for settlement executed by Clay-well, who suffered significant injuries in the vehicular collision, offered to settle her lawsuit for $240,000, if Gonzalez’s insurance company, GEICO, tendered a check in the amount of $240,000 made payable to her.
 
 [1]
 
 The offer was not accepted and,
 
 *1001
 
 after a jury trial, Claywell was awarded a total judgment of $394,029.71, which was affirmed on appeal.
 
 Gonzalez v. Claywell,
 
 24 So.3d 1260 (Fla. 1st DCA 2009). Because we find that Claywell’s offer was invalid and unenforceable, we reverse.
 

 We conclude that the proposal for settlement was invalid and unenforceable because it was impossible for Gonzalez to meet the conditions of the proposal.
 
 [2]
 
 Specifically, the proposal required that GEICO, a nonparty, tender a check well in excess of its policy limits of $25,000, even though there has been no determination that GEICO is liable to pay more than its policy limits.
 
 See Boston Old Colony Ins. Co. v. Gutierrez,
 
 386 So.2d 783 (Fla.1980) (recognizing that insurer who acts in bad faith so as to subject insured to a judgment in excess of the policy limits may be liable for the excess judgment). Because the proposal contained a condition that Gonzalez could not possibly perform, and divested him “of independent control of the decision to settle,” it was invalid and unenforceable.
 
 Attorneys’ Title Ins. Fund, Inc. v. Gorka,
 
 36 So.3d 646, 649 (Fla.2010). At a minimum, the proposal is ambiguous because Gonzalez could not effectively evaluate the condition that GEICO tender the settlement check. Rule 1.442 requires a proposal to be as specific as possible “leaving no ambiguities so that the recipient can fully evaluate its terms and conditions.”
 
 Lucas v. Calhoun,
 
 813 So.2d 971, 973 (Fla. 2d DCA 2002). “If ambiguity within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.”
 
 State Farm Mut. Auto. Ins. Co. v. Nichols,
 
 932 So.2d 1067, 1079 (Fla.2006).
 

 REVERSED.
 

 VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.
 

 [1]
 

 .Clay well’s proposal for settlement provides, in pertinent part, as follows:
 

 2. The Plaintiff, Dawn Elizabeth Claywell, makes this Proposal for Settlement to the Defendant, Roger J. Gonzalez.
 

 3. Plaintiff’s Proposal for Settlement is made in an attempt to settle the above styled lawsuit.
 

 4.Plaintiff, Dawn Elizabeth Claywell agrees to settle the above-styled lawsuit for $240,000 on the following conditions:
 

 a. Defendant, Roger J. Gonzalez, accepts Plaintiff’s Proposal for Settlement;
 
 and
 

 b. Defendant, Roger J. Gonzalez’s insurance company, GEICO, tenders a check made payable to Plaintiff, Dawn Elizabeth
 
 *1001
 
 Claywell, and her attorneys, Emmanuel, Sheppard and Condon, for $240,000 within fourteen (14) days from the date on which Defendant, Roger J. Gonzalez, accepts Plaintiff’s Proposal for Settlement.
 

 5. If the conditions in paragraph 4 above are met in a timely fashion. Plaintiff, Dawn Elizabeth Claywell, will dismiss the above styled lawsuit with prejudice.
 

 [2]
 

 . After a thorough review of the record, we are satisfied that Gonzalez preserved his argument that the proposal for settlement was invalid and unenforceable.