IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SARITHA REDDY PADURU
and RAVI ANUGU,

        Appellants/Cross-
        Appellees,

v.

ALLISON W. KLINKENBERG,

        Appellee/Cross-Appellant.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-5712, 13-2562, 13-4597

Opinion filed December 17, 2014.

An appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

Michael C. Clarke and Betsy E. Gallagher of Kubicki Draper, P.A., Tampa, for
Appellants/Cross-Appellees.

John S. Mills and Courtney Brewer of The Mills Firm, P.A., Tallahassee, for
Appellee/Cross-Appellant.

PER CURIAM.

      In these consolidated appeals, Saritha Reddy Paduru and Ravi Anugu,

appellants, challenge the second amended final judgment awarding Allison

Klinkenberg, appellee, attorney's fees and costs pursuant to the offer of judgment statute. Because we find that Klinkenberg's offer of judgment failed to satisfy the exacting requirements of the statute and implementing rule, we reverse and remand, without reaching the other issues raised on appeal.

Following a traffic accident between Klinkenberg and Paduru, Klinkenberg sought damages from Paduru, as the negligent driver, and Anugu, Paduru's husband and the owner of the vehicle Paduru was driving. Prior to trial, Klinkenberg served Paduru with a proposal for settlement pursuant to section 768.79, Florida Statutes, and rule 1.442, Florida Rules of Civil Procedure. The proposal identified Klinkenberg as the party making the proposal; identified Paduru as the party to whom the proposal was made; offered to settle any and all of Klinkenberg's claims against Paduru arising out of the accident which formed the basis of Klinkenberg's lawsuit; and stated $50,000 was the total amount of the proposal. In paragraph 5, the proposal stated there were no relevant conditions for acceptance, other than those provided in the applicable statute and rule. Paragraph 6, entitled "Non-monetary terms of proposal," stated, "[t]he Plaintiff will dismiss with prejudice the above-styled action against Defendants Saritha Reddy Paduru and Ravi Anugu after the defendant Anugu (or his agents) tenders the proposed settlement amount." Paduru did not respond to the proposal.

2

Immediately before trial, Paduru and Anugu conceded negligence, so the trial focused on the issues of causation and the apportionment of liability for Klinkenberg's damages. Following trial, the jury returned a verdict for Klinkenberg in the amount of $498,822.55. The trial court entered judgment on the verdict, which we affirmed on appeal.

Thereafter, Klinkenberg moved for an award of attorney's fees and costs pursuant to section 768.79 and rule 1.442. Paduru argued the proposal was invalid because it was unclear who would be released from liability as to what claims, and the proposal contained a settlement condition over which Paduru had no control. The trial court granted Klinkenberg's motion for attorney's fees and costs, finding that, "the offer is clear and understandable when considered in its totality in light of the issues in the case and the nature of the action." After a hearing on the reasonable number of hours and reasonable hourly rate, the trial court entered the fee and cost judgment currently under review.

Appellate courts apply the *de novo* standard to "review a trial court's ruling on a motion to tax attorney's fees and costs pursuant to the offer of judgment statute . . . ." Ambeca, Inc. v. Marina Cove Village Townhome Ass'n, Inc., 880 So. 2d 811, 812 (Fla. 1st DCA 2004). Generally, section 768.79(1), Florida Statutes (2011), otherwise known as the offer of judgment statute, entitles a plaintiff to reasonable costs and attorney's fees when the plaintiff files a demand for judgment

3

that is rejected by the defendant and the plaintiff ultimately recovers a judgment

that is at least twenty-five percent greater than the settlement offered in the demand

for judgment.  <u>Jacksonville Golfair, Inc. v. Grover</u>, 988 So. 2d 1225, 1227 (Fla. 1st

DCA 2008).  The statute further instructs:

> An offer must:
>
> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name the party making it and the party to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.

§ 768.79(2).

Rule 1.442, Florida Rules of Civil Procedure (2011), sets forth the

appropriate procedure for making a proposal under the offer of judgment statute:

> (c) Form and Content of Proposal for Settlement.
> (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
> (2) A proposal shall:
>> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>> (B) identify the claim or claims the proposal is attempting to resolve;
>> (C) state with particularity any relevant conditions;
>> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>> (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
>> (G) include a certificate of service in the form required by rule 1.080(f).

4

Fla. R. Civ. P. 1.442(c)(1)-(2).

We recently observed that the statutory and rule language must be strictly construed because they are in derogation of the common law custom that each party pay its own fees and costs, and because the statute creates a sanction against the party which unreasonably rejects an offer for settlement. R.J. Reynolds Tobacco v. Ward, 141 So. 3d 236, 238-39 (Fla. 1st DCA 2014).

In Attorneys' Title Ins. Fund v. Gorka, 36 So. 3d 646, 647 (Fla. 2010), the supreme court reviewed whether a joint offer, requiring the mutual acceptance of all offerees, was valid and enforceable under the offer of judgment statute and rule. Reviewing its precedent on the question presented, the supreme court distilled the following principle:

> [A]n offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.

Id. at 650.

Applying that principle to the question before it, the supreme court found the proposal at issue was invalid because it prevented "either party from independently evaluating and accepting" the proposal. Id. at 651. The court specifically rejected the contention, expressed by the dissent, "that a party could protect itself from

5

future sanctions by filing a notice of acceptance of the offer that would never result in settlement." Id. The court reasoned that under that flawed interpretation of the offer of judgment statute, the offeror could ensure its entitlement to fees by making an offer "conditioned on an event entirely outside the independent control of the offerees that would never occur . . . . An offer that cannot be unilaterally accepted to create a binding settlement is an illusory offer." Id. at 651-52.

More recently, in Gonzalez v. Claywell, 82 So. 3d 1000 (Fla. 1st DCA 2011), we addressed the validity of a proposal for settlement which formed the basis of an attorney's fee award under section 768.79 and rule 1.442. The proposal in that case was directed from the plaintiff, Claywell, to the defendant, Gonzalez, and offered to settle Claywell's personal injury claim for $240,000, "if Gonzalez's insurance company, GEICO, tendered a check in the amount of $240,000 made payable to her." Id. at 1000. We determined that the proposal was "invalid and unenforceable because it was impossible for Gonzalez to meet the conditions of the proposal," where settlement was predicated on a non-party insurance company tendering payment well in excess of its policy limits. Id. at 1001. The proposal was invalid and unenforceable because it deprived Gonzalez of the independent control of the decision to settle by including a settlement condition he "could not possibly perform." Id. (quoting Gorka, 36 So. 3d at 649). We further concluded

6

"[a]t a minimum, the proposal is ambiguous because Gonzalez could not effectively evaluate the condition that GEICO tender the settlement check." Id.

Here, the trial court found that the offer was "brief, concise, and straightforward" in that "for the sum of $50,000, [Klinkenberg] would settle the claim and dismiss her case, with prejudice, against both Defendants upon receipt of the payment. So what is the issue?"

The issue is that pursuant to the plain language of paragraph 6, settlement was predicated on payment of the settlement amount by Anugu or his agents, presumably a reference to his insurance company. Although Klinkenberg's proposal stated it was directed only to Paduru, the language in paragraph 6 could reasonably lead one to believe that the offer also implicated Anugu or his agents. Even though the proposal stated that the only relevant conditions of acceptance were those provided in the offer of judgment statute and implementing rule, a reasonable interpretation of the proposal could be that the claims against Paduru would only be dismissed after Klinkenberg had received the settlement amount. As evidenced by the trial court's interpretation, payment of the settlement amount by Anugu or his agents could logically be understood to be required in order to settle the case.

Klinkenberg urges us to interpret the proposal settlement's paragraph 6 as simply extending an alternative means for reaching settlement of the case as to

7

both Paduru and Anugu.  Paragraph 6, however, does not state that an alternative means of obtaining dismissal of the case is for Anugu or his agents to tender the settlement amount.  Instead, the non-monetary terms of the deal are that Klinkenberg will dismiss the case against Paduru and Anugu, with prejudice, once Anugu or his agents tender payment.  Aside from paragraph 4, which sets forth the settlement amount, paragraph 6 provides the only terms of the proposal.  These terms are distinct from the conditions of acceptance, provided in paragraph 5, that merely refer to the acceptance procedures provided in the statute and rule.

The only part of the proposal specifically referring to dismissal of the claim against Paduru, therefore, is paragraph 6, which can be interpreted to link dismissal to payment of the settlement amount by Anugu or his agents, with the result that Paduru was unable to evaluate the terms of the proposal.  Gonzalez, 82 So. 3d at 1001; Gorka, 36 So. 3d at 650.  It is now a well settled principle, espoused in our previous decisions as well as those from sister districts, that offers of judgment must strictly comply with section 768.79 and rule 1.442, with any drafting deficiencies being construed against the drafter.  Ward, 141 So. 3d at 238-39; Alamo Fin., L.P. v. Mazoff, 112 So. 3d 626, 628 (Fla. 4th DCA 2013); Tran v. Anvil Iron Works, Inc., 110 So. 3d 923, 925 (Fla. 2d DCA 2013); Andrews v. Frey, 66 So. 3d 376, 378 (Fla. 5th DCA 2011).

8

As did the trial court in this case, many jurists have lamented that the offer of judgment statute has had the unfortunate and unintended consequence of spawning additional litigation, even though the statute was enacted to have exactly the opposite effect. See, e.g., Schantz v. Sekine, 60 So. 3d 444, 446-47 (Fla. 1st DCA 2011) (Thomas, J., specially concurring); Campbell v. Goldman, 959 So. 2d 223, 227-28 (Fla. 2007) (Pariente, J., specially concurring). Nevertheless, because the proposal in this case deprived Paduru of the ability to evaluate and independently act to resolve the case against her, we conclude that the proposal is invalid, unenforceable, and may not form the basis of an award of attorney's fees and costs under section 768.79.

Accordingly, we REVERSE the second amended final judgment awarding attorney's fees and costs, and REMAND for further proceedings consistent with this opinion.

CLARK, WETHERELL, and MAKAR, JJ., CONCUR.