BADÁLAMENTI, Judge.
Anthony P. Diecidue appeals the trial court’s award of attorneys’ fees and costs to Allstate-Property and Casualty Insurance Company (Allstate) pursuant to a proposal for settlement (proposal) governed by section 768.79, Florida Statutes (2012), and Florida Rule of Civil Procedure *1017 1.442. Diecidue asserts that a release form attached to Allstate’s proposal creates ambiguities within the offer itself. Specifically, Diecidue argues that the release form’s inclusion of a waiver of loss of consortium claims requires Diecidue to misrepresent that he has no children eligible to file a claim for loss of consortium. After careful review and the benefit of oral argument, we reverse the order granting Allstate attorneys’ fees and costs and remand for further proceedings.
On April 16, 2011, Peter Lewis lost control of- a vehicle, which was owned by Michael Nowak. The vehicle veered off the road and entered a little league ballpark while games were in progress. Diecidue, a coach for one of the competing teams, ran from the pitcher’s mound up to the fence surrounding the field and began yelling to warn onlookers in the bleachers, who were sitting with their backs turned to the vehicle. As the vehicle crashed through the fence surrounding the little league field, it slowed down enough for Diecidue to somehow reach through the vehicle’s front driver-side window, seize the controls, and cause the vehicle to stop on the pitcher’s mound. Diecidue injured his back in the process.
Diecidue initiated a lawsuit which included negligence claims against Lewis and Nowak and an uninsured motorist (UM) claim against Diecidue’s insurer, Allstate. On October 5, 2012, Allstate served Dieci-due with a proposal for settlement for $50,000, inclusive of attorneys’ fees and costs, which Diecidue rejected. -
The case proceeded to a jury trial, where Allstate was the primary defendant.[1] The jury found that Lewis was twenty percent negligent and Diecidue was eighty percent negligent and awarded Diecidue total damages of $18,500. Dieci-due’s damage award was reduced by 80 percent for his proportion of contributory negligence and then by an additional $15,000 for his collateral recovery from a personal injury protection (PIP) policy and an auto medical payments (MedPay) policy. These reductions lowered Diecidue’s net verdict to $8700.
After the jury rendered its verdict, Diec-idue and Allstate filed competing motions for taxation of costs. Allstate’s motion also included a request ■ for attorneys’ fees based on Diecidue’s rejection of Allstate’s prior proposal for settlement. The trial court subsequently entered a final judgment awarding Diecidue,$64,401.34 in taxable coáts and $89.56 in insurance premiums, plus statutory interest.[2] The order reserved jurisdiction to award additional attorneys’ fees and costs.
A hearing was conducted-on Allstate’s motion for taxation of costs and fees. Diec-idue argued that Allstate’s proposal for settlement was inconsistent with the release form attached to the proposal, which created ambiguities. Specifically, Diecidue pointed out that the release required Diec-idue to falsely represent that he had no unmarried dependents able- to bring a *1018 claim for loss of consortium. The trial court rejected Diecidue’s arguments and entered two duplicative orders on Allstate’s motion to tax costs and fees. The orders each awarded Allstate $103,744.31 in attorneys’ fees and costs, which were set off against Diecidue’s previous award of costs, for a net award of $35,553.41 to Allstate.
Whether a proposal for settlement complies with rule 1.442 and section 768.79 is subject to de novo review. Tran v. Anvil Iron Works, Inc., 110 So.3d 923, 925 (Fla. 2d DCA 2013) (citing Jamieson v. Kurland, 819 So.2d 267, 268 (Fla. 2d DCA 2002)). Rule 1.442(c)(2)(C)-(D) requires the offeror to “state with particularity any relevant conditions” of the proposal and to “state with particularity all nonmonetary terms of the proposal.” “The term ‘particularity' as used in rule 1.442(c) means that the offeror must provide ‘specific details’ of any condition or nonmonetary term.” 1 Nation Tech. Corp. v. Al Teletronics, Inc., 924 So.2d 3, 6 (Fla. 2d DCA 2005) (quoting Swartsel v. Publix Super Mkts., Inc., 882 So.2d 449, 453 (Fla. 4th DCA 2004)). “If ambiguity within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.” State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla. 2006).
Rule 1.442 aims to prevent ambiguity, not breadth. Id. That is, the supreme court has instructed that courts are only to invalidate a proposal for settlement for “reasonable ambiguities” and has discouraged courts from nitpicking a proposal for inconsequential ambiguities. Anderson v. Hilton Hotels Corp., 202 So.3d 846, 852-53 (Fla. 2016). That said, because section 768.79 and rule 1.442 are in derogation of common law, they demand strict construction and compliance. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 377 (Fla. 2013). Under section 768.79, an award of attorneys’ fees ultimately depends “on the difference between the amount of a rejected offer and the amount of a later judgment.” TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 612 (Fla. 1995). If a defendant’s proposal for settlement is twenty-five percent greater than the judgment ultimately obtained by the plaintiff, then the defendant is entitled to an award of attorneys’ fees and costs. § 768.79(1).
We hold the provision of the release form concerning waiver of loss of consortium claims to be ambiguous. The penultimate paragraph of the release reads, “To procure payment of the consideration referred to herein, I do hereby declare and represent that I have no qualifying disability and qualifying dependents) which would enable a claim to be made by or on behalf of any unmarried dependent, as defined by section 768.0415, Florida Statutes (2007).” (Emphasis added.)
Section 768.0415 allows unmarried dependent children to bring loss of consortium claims based in negligence. See Zonzos v. Rosen, 467 So.2d 305, 308 (Fla. 1985) (explaining that children in Florida have no common law right to bring a loss of consortium claim). In pertinent part, section 768.0415 reads, “A person who, through negligence, causes significant permanent injury to the natural or adoptive parent of an unmarried dependent resulting in a permanent total disability shall be liable to the dependent for damages, including damages for permanent loss of services, comfort, companionship, and society.”
Allstate’s waiver for loss of consortium claims, when read together with section 768.0415, is ambiguous because it would amount to an outright falsehood. Pursuant to the statutory language, the term “quali *1019 fying dependent(s)” as used in the waiver means an unmarried dependent child, either natural or adopted. § 768.0415. Because the terms of the release form demand the signatory to declare that he does not have any “qualifying dependent(s),” signing the waiver would require Diecidue to represent that he has no unmarried dependent children. In Diecidue’s case, this is simply untrue—he has unmarried dependent children.
“When an offer contains as a condition a ‘general release,’ care should be taken to insure that the proposed release does not seek to extinguish claims that are extrinsic to the litigation.” Nichols v. State Farm Mut., 851 So.2d 742, 746 n.3 (Fla. 5th DCA 2003), approved, 932 So.2d 1067 (Fla. 2006). Although any claims for loss of consortium brought by Dieeidue’s children would be derivative of Diecidue’s own claims, the cause of action for loss of consortium still belongs to Diecidue’s unmarried children, not Diecidue. See United Servs. Auto. Ass’n v. Behar, 752 So.2d 663, 665 (Fla. 2d DCA 2000) (citing Orange Cnty. v. Piper, 523 So.2d 196, 198 (Fla. 5th DCA 1988)) (explaining that a proposal for settlement which failed to specify the amounts offered to two plaintiffs would have deprived one of the plaintiffs, who had a derivative claim for loss of consortium, of control as to her own claim).
A proposal for settlement is considered ambiguous, and therefore unenforceable, if it is impossible for the offeree to meet its terms. See Gonzalez v. Claywell, 82 So.3d 1000, 1001 (Fla. 1st DCA 2011) (citing Attorneys’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 649 (Fla. 2010)). The Gonzalez case concerned a proposal for settlement from a plaintiff to a defendant in a negligence case. Id. at 1000. By the terms of his proposal, the plaintiff offered to settle the case if the defendant’s auto insurer, a nonparty, tendered a settlement check to the plaintiff in excess of the insurer’s policy limits. Id. The defendant declined the proposal. Id. at 1000-01. The trial court awarded the plaintiff attorneys’ fees and costs on the basis of the rejected proposal for settlement. Id. at 1001. The First District reversed, holding that the plaintiffs proposal was ambiguous because it was impossible for the defendant to meet the conditions in the proposal.
Here, it would have been impossible for Diecidue to comply with the loss-of-consortium waiver because Diecidue could not honestly represent that he had no qualifying dependents under section 768.0415. As the supreme court stated in Nichols, rule 1.442’s particularity requirement “does not demand the impossible” when it comes to eliminating linguistic ambiguity in proposals for settlement. 932 So.2d at 1079. This principle works both ways. It is just as irrational for an offeree to demand impossible standards of clarity from the offeror’s proposal for settlement, as it is for an offeror to try to impose legally impossible conditions on the offer-ee.
We also note that the trial court entered two duplicate final judgments against Diecidue—one on April 21, 2015, and another on April 22, 2015, There is no support in the record for two separate judgments against Diecidue. Allstate concedes that the trial court inadvertently entered a duplicate judgment. Accordingly, we direct the trial court to strike the later judgment, dated April 22, 2015. See Sound Builders of St. Petersburg, Inc. v. Hanlon, 439 So.2d 276, 276 (Fla. 2d DCA 1983).
As we have in the past, we again stress that the purpose of section 768.79 and rule 1.442 is to reduce litigation costs, not create more. See, e.g., Wolfe v. Culpepper Constructors, Inc., 104 So.3d 1132, 1134 (Fla. 2d DCA 2012) (en banc). We are *1020 mindful that prevailing parties seeking recovery under section 768.79 have expressed concerns that some litigants who initially rejected' proposals for settlement and neglected to receive a favorable verdict at trial make post hoc attempts to conjure up ambiguities in proposals for settlement to get a second bite at the apple. Although we do not suggest that occurred in this case, we use this case as a vehicle to emphasize that it is better practice for an offeree to raise any ambiguities in proposals for settlement with the offeror before trial. This will increase the probability that any subsequent offers may better reflect the intent of the parties and better ensure that courts are not unnecessarily injected into disputes that can otherwise be amicably resolved.
In sum, Allstate’s proposal for settlement did not comply with the particularity requirement in rule 1.442(c)(2)(D). Because a valid proposal for settlement must comply with both rule 1.442 and section 768.79, the trial court erred in awarding Allstate attorneys’ fees on the basis of Allstate’s proposal for settlement. See Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002) (stating that compliance with the particularity requirements of rule 1.442 is mandatory). We reverse the trial court’s award of attorneys’ fees and costs to Allstate and remand for further proceedings.
Reversed; remanded with instructions to strike the judgment of April 22, 2015, and for 'further proceedings consistent with this opinion.
LUCAS, J., Concurs.
CASANUEVA, J., Concurs with opinion.

. Lewis and Nowak were not present for trial.

. The majority of this cost award was not considered when calculating the necessary twenty-five percent margin in section 768.79(1) because the costs were not incurred on October 5, 2012. See White v. Steak & Ale of Fla., Inc., 816 So.2d 546, 551 (Fla. 2002) ("[W]e conclude that the ‘judgment obtained' pursuant to section 768,79 includes ... any attorneys’ fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer.”). Diecidue's incurred costs on that date were only $26,853.90, After rehearing, the trial court amended Diecidue’s award of costs with a slightly different interest schedule, but the sums awarded to Diecidue remained the same.