DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD B.WEBBER, II,** as the Chapter 7 Trustee for
**FREDERICK J. KEITEL, III,** and **FJK IV PROPERTIES, INC.,**
a Florida corporation, Jointly and Severally,
Appellant,

v.

**THOMAS B. D'AGOSTINO**,
Appellee.

No. 4D17-3007

[July 5, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502013CA004692XXXXMB.

Kevin P. Robinson of Zimmerman Kiser Sutcliffe, Orlando, for appellant.

Eric C. Christu and Jonathan P. Hart of Shutts & Bowen LLP, West Palm Beach, for appellee.

MAY, J.

A dispute over an attorney's fees and cost judgment brings this case to our court once again. The trustee appeals the final judgment after years of litigation in a foreclosure action. He raises two primary arguments: (1) none of the three bases upon which the trial court awarded fees supports the judgment; and (2) the amount awarded is not supported by the record. The lender responds that the extensive litigation that ensued, challenging the underlying judgment even after payment of the debt, warranted the fee and cost award. We agree with the lender and affirm.

About ten years ago, the lender loaned the borrower $1.4 million. The note was secured by a pledge of the borrower's stock in FJK IV Properties, Inc. ("stock"). When the borrower failed to repay the loan, the lender filed a two-count complaint seeking to foreclose. Subsequently, the borrower transferred the stock to an out-of-state friend.

On December 2, 2014, the trial court entered a final judgment of foreclosure in favor of the lender for $3,062,832.12. The borrower appealed.

On June 29, 2015, the borrower filed a suggestion of bankruptcy, which was dismissed a month later. On July 17, 2015, the trial court reversed the out-of-state stock transfer, finding it "was made to delay, hinder and/or defraud." On September 3, 2015, the borrower moved for relief from judgment under Florida Rule of Civil Procedure 1.540.

On October 21, 2015, the court ordered the lender's attorney-in-fact to deliver the stock to the Palm Beach County Sheriff to sell at auction. On December 7, 2015, the borrower assigned and transferred the stock to the lender's attorney-in-fact. The next day, the borrower filed a second suggestion of bankruptcy. On February 5, 2016, the borrower paid the lender in full.

We then affirmed the underlying foreclosure judgment. *See Keitel v. D'Agostino*, 212 So. 3d 372 (Fla. 4th DCA 2016). We also unconditionally granted appellate attorney's fees to the lender. Following our opinion and order, the lender moved for attorney's fees and costs in the trial court, asserting three grounds for recovery: (1) the note; (2) section 57.115, Florida Statutes; and (3) section 56.29, Florida Statutes.

On August 4, 2017, the trial court heard the lender's motion for attorney's fees and costs. The trustee argued the lender was not entitled to fees "[b]ecause the judgment ha[d] been paid." The trial court disagreed and awarded fees and costs for work done in both the state and bankruptcy courts on all three bases.

From that judgment, the trustee now appeals. He continues to argue that the lender was not entitled to fees under any of the three bases because the judgment had been paid.

We review fee and cost awards under a mixed standard of review. *See Klinow v. Island Court at Boca W. Prop. Owners' Ass'n, Inc.*, 64 So. 3d 177, 180 (Fla. 4th DCA 2011). "[F]actual findings must be supported by competent, substantial evidence, while legal findings are reviewed de novo." *Id.* We review the trial court's determination as to the amount of attorney's fees and costs for abuse of discretion. *Centex-Rooney Constr. Co., Inc. v. Martin Cty.*, 725 So. 2d 1255, 1258 (Fla. 4th DCA 1999).

The trustee first argues the trial court improperly determined the lender was entitled to attorney's fees and costs under the note because the note

merged into the final judgment. Alternatively, the trustee contends that, even if the note provided a basis for the post-judgment award, the plain language of the note does not allow for the award. The lender responds that the trustee never raised the merger doctrine in the trial court, thereby waiving the argument, or any error was invited. *See Oliver v. Oliver*, 133 So. 3d 536, 564 n.2 (Fla. 5th DCA 2014) ("An argument not raised at trial is waived for purposes of appellate review.") Here, however, the trustee raised the merger doctrine twice through his expert witness. We therefore find the issue preserved.

On the merits, we disagree with the trustee that the merger doctrine prevents the note from providing a basis for the attorney's fee award. That doctrine provides "that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates." *Weston Orlando Park, Inc. v. Fairwinds Credit Union*, 86 So. 3d 1186, 1187 (Fla. 5th DCA 2012).

However, we have previously held that a contract providing for a prevailing-party's entitlement to "all reasonable attorney's fees and costs" was "broad enough to encompass fees for execution on the judgment." *Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc.*, 839 So. 2d 767, 767 (Fla. 4th DCA 2003) ("If the losing party persists in requiring the expenditure of attorney's time even after the court has entered judgment on the arbitration award, there is no apparent reason to us why the broad scope of this fee provision should not be invoked here as well.").

Here, the note provided that "[e]ach person liable hereon . . . agrees to pay all costs, including a reasonable attorney's fee, whether suit be brought or not, if, after maturity of this note or default thereunder, counsel shall be employed to collect this note." This language is also broad enough to encompass the extended litigation pursued by the borrower and trustee after payment of the judgment. Thus, the merger doctrine does not prevent the note from serving as a basis for the fee award.

Next, focusing on the words "collect this note," the trustee contends that the note provides for fees "only when a party is engaged in collection actions—which could either include the acts necessary to obtain a judgment or . . . the acts necessary to collect a judgment." We disagree. The lender's subsequent action to defend the final judgment in motions in state court, on appeal, and in bankruptcy court was in fact to "collect" on the note.

3

As for the statutory provisions providing a basis for the judgment for attorney's fees and costs, the trustee attacks the trial court's reliance on section 57.115 because the borrower satisfied the note by payment on February 5, 2016. And, because the statute is limited to an award of attorney's fees and costs incurred "in connection with execution on a judgment," it was inapplicable here.[1] The lender responds that even though the borrower satisfied the note, he continued to litigate the merits of the underlying judgment and incurred fees in collecting the note and the judgment. We agree with the lender.

Section 57.115(1) provides: "The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." The continued litigation over the final judgment in state courts and in the bankruptcy court were in connection with execution on the judgment. Even the trustee's expert testified that the borrower continued with legal proceedings after payment was made, and that time was compensable. This section supports the trial court's award.

The trustee then argues that the trial court erred because it did not consider whether the borrower attempted to avoid or evade paying the judgment. *See* § 57.115(2)(a), Fla. Stat. ("In determining the amount of costs, including attorney's fees, if any, to be awarded under this section, the court shall consider [w]hether the judgment debtor had attempted to avoid or evade the payment of judgment.").

This argument lacks merit. First, whether the borrower attempted to avoid or evade paying the judgment is a consideration for the court as to the amount of fees and costs—not entitlement. *See id.* Second, the court did consider this factor. In its order, the trial court expressly found "that [the lender] was required to engage in extensive litigation due to [the borrower's] deliberate efforts to delay and hinder [the lender's] collection." To the extent the trustee argues that it paid the outstanding debt, payment only occurred because the bankruptcy court mandated it.

---

[1] The trustee also argues the trial court improperly determined the lender was entitled to attorney's fees and costs under section 56.29, Florida Statutes. The lender does not respond to this argument. While we find merit in the trustee's argument on this issue, it simply means the trustee "wins this battle, but loses the war." Because the two other bases for the award support the trial court's judgment, we affirm the judgment despite this error.

And last, the trustee argues the trial court failed to properly analyze and identify the basis for awarding attorney's fees and costs in state court for time spent litigating in federal bankruptcy court. The lender responds that expert testimony explained why and how the bankruptcy litigation related to the state proceedings and why those fees were recoverable. Once again, we agree with the lender.

"Although the fee applicant has the burden of establishing its entitlement to an award of attorneys' fees, the opponent of the fee has the burden of pointing out with specificity which hours should be deducted." *Centex-Rooney*, 725 So. 2d at 1259 (internal citation omitted). The trial court specifically determined that fees and costs incurred in the bankruptcy litigation were recoverable because the borrower continued to challenge the final judgment even after having paid it. The trial court also noted that the trustee's expert conceded the point.

The trustee was required to specifically identify fees and costs that should have been excluded. *See id.* He failed to do so. And, the trial court's findings are supported by competent, substantial evidence. We therefore affirm the award of attorney's fees and costs based upon the note and section 57.115(1), Florida Statutes.

*Affirmed.*

DAMOORGIAN, J., and FAHNESTOCK, FABIENNE, Associate Judge.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

5