# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2496
_____

MARSHALL CASSEDY, JR.,

    Appellant,

    v.

MONIQUE WOOD, NIKKI CLARK
and DARCY CAVELL,

    Appellees.

_____


On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

February 11, 2019


PER CURIAM.

Appellant, Marshall Cassedy ("Cassedy"), appeals a trial court's order awarding attorney's fees pursuant to the terms of a lease agreement, but denying additional fees under section 768.79, Florida Statutes. The trial court held attorney's fees were not due pursuant to the statute because (1) the terms of the lease were binding, and (2) the settlement proposal was ambiguous and thus unenforceable. Because we find Cassedy is entitled to recover his attorney's fees and costs from Appellees ("Lessees") under both the terms of the lease agreement and section 768.79, the order is reversed.

*Facts*

Cassedy, the owner of real property, entered into a lease agreement with Lessees. Cassedy filed a complaint claiming Lessees had breached the terms of the lease by vacating the property and terminating rent payment. Cassedy served proposals of settlement for $25,000.00 on each of the Lessees separately as required by section 768.79 and Florida Rule of Civil Procedure 1.442. The terms of the proposals for settlement to each Lessee were identical and read: [*]

> Pursuant to Section 768.79, Florida Statutes and Fla. R. Civ. P. 1.442, Plaintiff, Marshall Cassedy, Jr. ("Cassedy"), directs this Proposal for Settlement to Defendant, Monique Wood ("Wood"). Cassedy offers to settle and resolve all claims for damages that would otherwise be awarded Cassedy against Wood in a final judgment in this action for the total sum of $25,000.00 (the "Settlement Amount").
>
> The Settlement Amount includes payment for any award of attorney's fees and suit costs to which Cassedy may be entitled and $0.00 of which sum is for any claim that Cassedy may have against Wood to an award of punitive damages because no such claim has been asserted or certified in this case.
>
> The only conditions of the Proposal for Settlement are as follows:
>
> 1. Wood shall tender the Settlement Amount at the office of Cassedy's counsel.
>
> 2. No later than ten (10) days following tender and the clearance of funds representing the Settlement Amount, Cassedy shall cause his counsel to file a notice, in conformity with the requirement of Fla. R. Civ. P.

---

[*] Names differed as to each Lessee.

1.420(a)(1)(A), causing the dismissal with prejudice of Cassedy's claims asserted in this action against Wood.

All three Lessees rejected the settlement offers, and the case proceeded to a jury trial. The jury found Lessees jointly and severally liable for the sum of $83,657.60. The trial court entered a final judgment retaining jurisdiction to determine attorney's fees and costs due to Cassedy.

Cassedy filed a motion asserting his entitlement to attorney's fees, costs and prejudgment interest pursuant to section 768.79, as well as the lease agreement. Regarding attorney's fees and costs, the lease agreement provided, "Lessee agrees to pay the cost of collection and ten per cent [sic] attorney's fees on any part of said rental that may be collected by suit or by attorney, after the same is past due." Following a hearing, Cassedy was awarded attorney's fees pursuant to the lease agreement ($8,365.75 or ten percent of the judgment), but denied attorney's fees under section 768.79. The trial court surmised it was unable to determine from the wording of the settlement proposal whether the judgment was 25% over the settlement offer; specifically, whether the three settlement offers of $25,000.00 each should be aggregated for the purpose of comparison to the amount awarded. The trial court further concluded that regardless of whether the offer of settlement should be aggregated, Cassedy was not entitled to attorney's fees per statute, as the terms of the lease "controlled."

Cassedy argues on appeal that the terms in the lease agreement do not bar recovery of attorney's fees under 768.79, and the offers of settlement should not be aggregated for the purpose of determining entitlement under the statute. We agree.

*Analysis*

A lower court's ruling on a motion for attorney's fees and costs pursuant to section 768.79 and Rule 1.442 is reviewed de novo. *Kuhajda v. Borden Dairy Co. of Ala., LLC*, 202 So. 3d 391, 393-94 (Fla. 2016); *Padura v. Klinkenberg*, 157 So. 3d 314, 316 (Fla. 1st DCA 2014).

Cassedy first argues the trial court erred in denying attorney's fees pursuant to section 768.79, claiming the fee provision in the

lease agreement does not prevent a simultaneous award of attorney's fees under the statute. Section 768.79 provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in the amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is inadmissible in subsequent litigation, except for pursuing the penalties of this section.

The purpose of an attorney's fee provision in a contract is not to enrich the prevailing party, but to make the prevailing party whole through reimbursement of litigation. *Tierra Holdings, Ltd. v. Mercantile Bank*, 78 So. 3d 558, 563 (Fla. 1st DCA 2011). Section 768.79 imposes a penalty. *Id.*; *see also Schussel v. Ladd Hairdressers, Inc.*, 736 So. 2d 776, 778 (Fla. 4th DCA 1999). Because the statute is "in derogation of the common law rule that each party pay its own fees," it "must be strictly construed." *Tierra Holdings*, 78 So. 3d at 563 (quoting *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003)). "Further, because an award under the offer of judgment statute serves as a penalty, the strict construction rule must be applied 'in favor of the one against whom the penalty is imposed,' and the statute must never

4

be 'extended by construction.'" *Tierra Holdings*, 78 So. 3d at 563 (quoting *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003)).

Here, both parties support their arguments with citation to *Tierra Holdings*. In *Tierra Holdings*, the trial court awarded attorney's fees to one party pursuant to section 768.79 and to another party pursuant to an attorney's fee provision in the contract. *Id.* at 559-60. The issue raised as a matter of first impression in the case was whether "a valid proposal for settlement under section 768.79, Florida Statutes, cuts off a prevailing party's claim for contractual attorney's fees and costs incurred after the date of the proposal." *Id.* at 561. This Court answered the question in the negative. In reaching its conclusion, this Court noted the fee provision at issue was very broad and provided simply that the "'prevailing party' in any litigation in connection with the contract would be entitled to all costs and expenses including attorney's fees." *Id.* at 560. This Court further recognized there was nothing in the contract language limiting a "prevailing party's entitlement to an award of fees based upon the opposing party's offer to settle" nor did the plain language of section 768.79 "authorize . . . the modification of a contractual right to attorney's fees." *Id.* at 563.

Although the *Tierra Holdings* decision is not directly on point, its decision provides direction. Here, the issue before this Court is whether a party can be awarded attorney's fees under a lease agreement provision and section 768.79 simultaneously. As in *Tierra Holdings*, the contract language in the attorney's fee provision of the lease does not explicitly waive any attorney's fees which may be available per statute. Further, the plain language of section 768.79 does not simply make attorney's fees permissible, but mandatory if all requirements set forth are met and the offer was made in good faith. *See TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606 (Fla. 1995). Thus, because section 768.79 imposes a penalty, the fact that an attorney's fee award is mandatory under the statute if all requirements are met, and this Court's ruling in *Tierra Holdings*, we find a party may be awarded fees pursuant to terms in a contract and section 768.79 simultaneously. *See Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348 (Fla. 4th DCA 2011) (holding seller was entitled to attorney's fees based on a provision in the contract as well as under 768.79); *Fed. Auto*

5

*Ins., Inc. v. Bus. Acquisitions Brokerage, Inc.*, 839 So. 2d 767 (Fla. 4th DCA 2003) (holding party entitled to attorney's fees under both contract language and section 57.115, Florida Statutes). Stated another way, an award of attorney's fees and costs to a party under the terms of a lease agreement does not preclude an award of additional fees and costs under section 768.79.

Cassedy next challenges the trial court's conclusion that the proposals for settlement were ambiguous, as it could not determine whether the three settlement offers of $25,000 should be aggregated for the purpose of comparison to the judgment. This question was settled by the supreme court in *Anderson v. Hilton Hotels Corporation*, 202 So. 3d 846 (Fla. 2016). In *Anderson*, the supreme court determined that aggregating offers of settlement for the purpose of determining entitlement to attorney's fees "cannot be tolerated under a strict construction of section 768.79." *Id.* at 858. The court determined Anderson became entitled to fees when he obtained a judgment that "was at least 25% greater than any of these offers." *Id.*

Here, there is no dispute Cassedy obtained a judgment 25% greater than any of the $25,000.00 offers of settlement. Lessees do not argue Cassedy has failed to meet the requirements of the statute, and we find no basis in the record upon which such an argument could be made. Thus, as the proposals for settlement meet the requirements set forth in section 768.79 and Rule 1.442, Cassedy was entitled to receive additional attorney's fees pursuant to the statute.

*Conclusion*

The trial court erred in determining Cassedy could not receive additional attorney's fees under section 768.79. Based on the imposition of a penalty pursuant to section 768.79 and its mandatory application if all requirements are met, we find a party is not precluded from receipt of attorney's fees under a contract and the statute simultaneously. In addition, the trial court erred in concluding the offers of settlement were ambiguous as it could not determine whether the offers should aggregated for determining entitlement under section 768.79. Therefore, we reverse the order below and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

OSTERHAUS, WINOKUR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

J. Marshall Conrad and Anthony L Bajoczky, Jr. of Ausley McMullen, Tallahassee, for Appellant.

David P. Healy of Dudley, Sellers, Healy & Heath, PL, Tallahassee, for Appellees.