# Supreme Court of Florida

No. SC21-277

**IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.442.**

May 26, 2022

PER CURIAM.

The Court, on its own motion, is considering amendments to Florida Rule of Civil Procedure 1.442 (Proposals for Settlement).[1] The Court published proposed amendments to rule 1.442 in the October 2021 edition of *The Florida Bar News* and received three comments and one supplemental comment. After considering the comments and oral argument, we amend subdivisions (c)(2)(C) and (c)(2)(D) of rule 1.442 to exclude nonmonetary terms from a proposal for settlement, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

The amendments are intended to align rule 1.442 with the substantive elements of Florida's settlement proposal statutes. Section 768.79, Florida Statutes (2021), does not provide for the inclusion of nonmonetary terms in a proposal for settlement. Instead, section 768.79 simply contemplates a comparison of monetary amounts, with subsections (2)(c)-(d) of that statute providing only that a settlement offer must "[s]tate its total amount" and "[s]tate with particularity the amount offered to settle a claim for punitive damages, if any." *See also Diecidue v. Lewis*, 223 So. 3d 1015, 1022 (Fla. 2d DCA 2017) (Casanueva, J., concurring) ("Where the legislature sought a straightforward proposal based upon the acceptance or rejection of a monetary amount, the allowance of nonmonetary conditions . . . alters the dynamics envisioned by the legislature."). However, section 70.001(4)(c), Florida Statutes (2021), contains a list of nonmonetary terms that governmental entities are permitted to include in settlement offers when government action inordinately burdens private property rights, such as "[t]he transfer of development rights" and "[l]and swaps or exchanges."

Accordingly, to be consistent with the substantive elements of the various settlement proposal statutes, we amend Florida Rule of Civil Procedure 1.442 as reflected in the appendix to this opinion. New language is underscored; deletions are indicated by struck-through type. The amendments shall become effective July 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Jason P. Stearns, Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida; Kansas R. Gooden of Boyd & Jenerette, PA, Miami, Florida, on behalf of the Florida Defense Lawyers Association; John S. Mills and Thomas D. Hall of Bishop & Mills, PLLC, Jacksonville, Florida, Bailey Howard of Bishop & Mills, PLLC, Tallahassee, Florida, Brent G. Steinberg of Swope, Rodante P.A., Tampa, Florida, Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, Florida, and Rebecca Bowen Creed of Creed & Gowdy, P.A., Jacksonville, Florida, on behalf of the Florida Justice Association,

Responding with comments

# APPENDIX

## RULE 1.442.  PROPOSALS FOR SETTLEMENT

**(a)-(b)** [No Change]

**(c) Form and Content of Proposal for Settlement.**

(1) [No Change]

(2) A proposal shall:

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

(C) ~~state with particularity any relevant conditions~~exclude nonmonetary terms, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute;

(D) state the total amount of the proposal ~~and state with particularity all nonmonetary terms of the proposal~~;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and

(G) include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516.

(3)-(4) [No Change]

**(d)-(j)** [No Change]

## Committee Notes

[No Change]