# Supreme Court of Florida

_____

No. SC2021-0175

_____

**BRINDA COATES, etc.,**
Petitioner,

vs.

**R.J. REYNOLDS TOBACCO COMPANY,**
Respondent.

June 15, 2023

GROSSHANS, J.

Today, we decide a recurring issue of law regarding Florida's offer-of-judgment statute, specifically whether a party must prevail in a proceeding to be entitled to fees under the statute. *See* § 768.79, Fla. Stat. (2022). We hold that the statute does not impose this requirement and, thus, is not a prevailing-party statute.

## BACKGROUND

Petitioner Brinda Coates sued Respondent R.J. Reynolds Tobacco Company (RJR) seeking damages for the wrongful death of her sister, Lois Stuckey. Before trial, Coates served RJR with two proposals for settlement under section 768.79—the first for

$75,000, and the second for $749,000. RJR did not accept either offer.

Following trial, a jury awarded Coates $300,000 in compensatory damages and $16,000,000 in punitive damages. After reducing the compensatory damages award based on the jury's finding of comparative fault, the trial court entered judgment for Coates in the amount of $16,150,000.

On appeal, the Fifth District Court of Appeal reversed the punitive damages award as excessive and remanded for remittitur or, in the alternative, a new trial solely on punitive damages. *R.J. Reynolds Tobacco Co. v. Coates*, 308 So. 3d 1068, 1071, 1076 (Fla. 5th DCA 2020). It then certified a question of great public importance concerning punitive damages. *Id.* at 1076.

We accepted review, rephrased the certified question, and ultimately approved the Fifth District's decision. *See Coates v. R.J. Reynolds Tobacco Co.*, 48 Fla. L. Weekly S1, S1-S5 (Fla. Jan. 5, 2023) (holding that the punitive damages award was excessive under Florida statutory law). After issuing that decision, our focus shifted to Coates's motion for attorney's fees incurred in this review proceeding. She claimed entitlement to these fees based on RJR's

rejection of her offers of judgment. Recognizing that Coates had not prevailed here, we requested briefing on whether the offer-of-judgment statute requires the moving party to prevail in the appellate proceeding. With the benefit of this briefing, we now hold that the offer-of-judgment statute is not a prevailing-party statute. In light of this holding, we provisionally grant Coates's motion for reasonable attorney's fees, conditioned upon the trial court's finding of entitlement and determination of amount.

## ANALYSIS

Our ruling on Coates's motion depends solely on the meaning of the offer-of-judgment statute.[1] In deciding whether this statute is a prevailing-party statute, we apply the supremacy-of-the-text principle, recognizing that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021) (alteration in original) (quoting *Page v. Deutsche Bank Tr. Co. Americas*, 308 So. 3d 953, 958 (Fla. 2020)). Consistent with this

---

1. Statutory interpretation presents a purely legal issue. *Lab. Corp. of Am. v. Davis*, 339 So. 3d 318, 323 (Fla. 2022) (applying de novo review in determining meaning of statute (citing *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018))).

- 3 -

rule, we do not add words to a statute in the guise of interpreting it. *See Statler v. State*, 349 So. 3d 873, 879 (Fla. 2022).

With these foundational principles in mind, we turn to the statute at issue. Section 768.79 provides in part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of *no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer* . . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the *penalties* of this section.

§ 768.79(1) (emphasis added).

Two portions of the text are inconsistent with RJR's argument that section 768.79 is a prevailing-party statute. First, the statute itself refers to its fee awards and costs as "penalties." *Id.* ("If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section."). In line with this text, Florida courts have uniformly characterized section

768.79 as a penalty statute. *See Cassedy v. Wood*, 263 So. 3d 300, 303 (Fla. 1st DCA 2019); *Est. of Sweeney v. Washington*, 327 So. 3d 396, 399 (Fla. 2d DCA 2021); *Cent. Motor Co. v. Shaw*, 3 So. 3d 367, 369 (Fla. 3d DCA 2009); *22nd Century Props., LLC v. FPH Props., LLC*, 160 So. 3d 135, 142 (Fla. 4th DCA 2015); *UCF Athletics Ass'n v. Plancher*, 121 So. 3d 616, 618 (Fla. 5th DCA 2013).

Second, the statute contemplates fee awards to nonprevailing litigants. Specifically, subsection (1) of the statute provides:

> [I]f a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant *shall be entitled* to recover reasonable costs and attorney's fees . . . if the judgment is one of no liability *or the judgment obtained by the plaintiff* is at least 25 percent less than such offer . . . .

§ 768.79(1) (emphasis added).

Thus, the text of the offer-of-judgment statute contemplates a situation where the defendant is entitled to fees even if the plaintiff prevails on the most significant issues at trial and ultimately recovers a substantial judgment. It is not reasonable to hold that the Legislature created a prevailing-party requirement when the statute's text allows for awards to litigants who do not prevail.

Consistent with this analysis, we further note that the offer-of-judgment statute differs from other statutes that include a prevailing-party requirement. *Compare* § 59.46, Fla. Stat. (2022) ("[A]ny provision of a statute or of a contract . . . providing for the payment of attorney's fees to the *prevailing party* shall be construed to include . . . attorney's fees to the prevailing party on appeal." (emphasis added)), § 57.105(7), Fla. Stat. (2022) ("If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party *prevails in any action*, whether as plaintiff or defendant, with respect to the contract." (emphasis added)), *and* § 627.428(1), Fla. Stat. (2022)[2] ("[I]n the event of an appeal in which the insured or beneficiary *prevails*, the appellate court shall [award reasonable appellate attorney's fees.]" (emphasis added)), *with* § 768.79 (providing for attorney's fees if a reasonable proposal for judgment is rejected and the party making the proposal recovers a

_____

2. This statute has since been repealed. *See* ch. 2023-15, § 11, Laws of Fla. (effective date of March 24, 2023).

qualifying judgment).  Had the Legislature intended for section 768.79 to be a prevailing-party statute, it could have adopted similar language to the prevailing-party statutes mentioned above; but it did not.

Reflecting those textual differences, the offer-of-judgment statute operates to penalize a party who refuses to accept a good-faith, reasonable proposal for settlement as reflected in the ensuing final judgment.  § 768.79(1).  The statute has this effect even if the party seeking fees does not prevail at trial or in appellate proceedings, but is otherwise entitled to fees pursuant to the offer-of-judgment statute.

We do not share RJR's concern that our interpretation of the offer-of-judgment statute will result in a flood of frivolous appeals. Under the statute, a judge can only award "reasonable" fees. § 768.79(1), (7)-(8).  When making a reasonableness determination, the judge considers a nonexhaustive list of factors, including the merit of the claim, the closeness of questions of fact and law, and the amount of additional delay if litigation is prolonged. § 768.79(8)(b).  The judge is also expressly authorized to consider any other relevant criteria.  *Id.*  We stress that nothing in our

opinion prevents a party from challenging the reasonableness of fees by raising all relevant factors—including the frivolous nature of an appeal. However, we decline to hold that the outcome of an appeal is entirely dispositive as to the reasonableness of the appellate fees incurred.

## CONCLUSION

Based on the analysis above, we hold that the text of section 768.79 shows that it is not a prevailing-party statute. In light of the fact that Coates obtained a judgment—which has been affirmed in part—we provisionally grant her motion for reasonable appellate attorney's fees. The amount shall be determined by the trial court, conditioned on its finding, at the end of the case, that Coates is entitled to attorney's fees under a valid proposal for settlement filed under section 768.79.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, and FRANCIS, JJ., concur.
LABARGA, J., concurs in result.
SASSO, J., did not participate.

Application for Review of the Decision of the District Court of Appeal
    Direct Conflict of Decisions/Certified Great Public Importance

    Fifth District – Case No. 5D19-2549

(Orange County)

Jonathan A. Martin and Courtney Brewer of Bishop & Mills, PLLC, Tallahassee, Florida, and John S. Mills of Bishop & Mills, PLLC, Jacksonville, Florida,

for Petitioner

Troy A. Fuhrman and Marie A. Borland of Hill Ward Henderson, Tampa, Florida; Jason T. Burnette and Brian Charles Lea of Jones Day, Atlanta, Georgia, and Charles A. Morse of Jones Day, New York, New York,

for Respondent